

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 29, 1957

Honorable Dawson Bryant
County Attorney
Kent County
Jayton, Texas

Opinion No. WW-81

Re: The issuance and legal
obligation of time warrants by Jayton Rural
High School District
under Art. 2786(e),
V.C.S.

Dear Mr. Bryant:

You request the opinion of this office upon the questions presented in your letter, as follows:

"At the beginning of the current school year beginning on September 1, 1956, or, shortly thereafter, the Jayton Rural High School District had just completed a new school plant consisting of a new grade school, high school, auditorium and gymnasium. The school district was in need of equipment for the various schoolrooms, band and lunchroom in order that classes could be properly conducted during the present school year. The school had enough funds, or would receive enough available funds from all sources during the year to pay all teachers' salaries, maintenance and operation, with a small surplus left over; however, the school district did not have enough funds out of current available funds to purchase the necessary equipment and to equip school property. The Board of Trustees ordered the necessary equipment during the present school year with the intention of borrowing money by issuing time-warrants to pay for same. Such equipment cost well over the sum of $25,000.00. Upon receiving the equipment in September and October of 1956, instead of issuing time-warrants to obtain the funds necessary for such purpose which warrants would have been drawing interest, the Board of Trustees paid for such equipment out of available

> funds with the intention of issuing the
> time-warrants later in the school year
> when the need arose for the money. Now
> the school is in need of funds to replace
> that which was spent on the equipment and
> they now desire to issue interest-bearing
> time warrants in the amount of $25,000.00.

> "1. Can the Jayton Rural High School Dis-
> trict issue interest-bearing time warrants
> under Article 2786e Texas Revised Civil
> Statutes under the above circumstances?

> "2. Would such time warrants be a legal
> obligation of such School District?"

The term "interest-bearing time warrant" is de-
fined in Section 8 of Article 2786(e), V.C.S., as being a
"promissory note, interest-bearing time warrant, obliga-
tion or other evidence of indebtedness issued under this
Act," and the statute authorizes payment of the warrants with
tax moneys to be levied and collected in future years.

It is clear that neither bonds nor warrants may be
issued for any purpose not authorized by statutory or consti-
titutional provisions, the leading case on the subject being
Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373.

In effect, it is proposed to replenish the "current
available funds" of the district by the issuance of time war-
rants. Such a purpose is clearly not one of those enumerated
in Article 2786(e), V.C.S., which are as follows:

> ". . . to repair and renovate school build-
> ings; purchase school buildings and school
> equipment; to equip school properties with
> necessary heating, water, sanitary, lunch-
> room and electric facilities; . . ."

Issuance of time warrants for the purpose stated is
not authorized by Article 2786(e), V.C.S., and if they were
issued they would be void.

3552

## SUMMARY

Under Article 2786(e), V.C.S., time warrants may not be legally issued by a school district for the purpose of replenishing the "current available funds" of the district, and, if issued, would not be legal obligations of the district.

Very truly yours,

WILL WILSON
Attorney General

By Howard W. Mays

Howard W. Mays
Assistant

HWM-s

APPROVED:

OPINION COMMITTEE

By: H. Grady Chandler, Chairman